HAMITER, Justice.
As will be shown hereinafter, the issue presented in the instant matter arose during collateral proceedings in the district court iñ a pending tort action (Gurthie A. Mayes v. Jessie J. McKeithen et al., No. 108,063 of the docket of the district court in and for East Baton Rouge Parish).
In that action the plaintiff sought damages for the death of her two daughters allegedly resulting from an automobile accident involving them and Jessie J. McKeithen, the son of The Honorable John J. McKeithen, Governor of the State of Louisiana (hereafter referred to as the Governor). The cause had been assigned for trial on November 16, 1966.
On October 21, 1966, prior to the trial, a summons and a subpoena duces tecum issued ex parte, directed to the Governor, at the instance of counsel (J. Minos Simon) for Gurthie Mayes; and they were served on October 24, 1966. Therein the Governor was commanded to appear at a Baton Rouge hotel at 10:00 a. m. Thursday, October 27, 1966 to give testimony before a Notary Public and to produce certain state documents.
On October 26, 1966 William V. Redmann, the Governor’s executive counsel, telephoned Simon and informed him that the Governor would be unable to be present on the date set forth in the summons and subpoena duces tecum for the reason that he had a previous, long-standing, engagement to appear at that time as the principal speaker at a regional convention to be held in Lafayette. Redmann stated, however, that the Governor was willing to testify voluntarily on another date, and he suggested 10:00 a. m., Friday, October 28, 1966 or the following Monday. Neither of these dates was agreeable with Simon who indicated that he would be unable to take the deposition at any time other than that originally fixed.
Thereafter Redmann, on the same day (October 26, 1966) and by means of a telephone call, communicated these circumstances to the judge, and requested him to recall the former ex parte order, stating that the Governor’s previous commitment could not then be cancelled but that he would submit himself voluntarily on any other date. Whereupon the judge, upon being informed that Simon opposed any change, told Redmann that since there was *61 a controversy as to the time he would not vacate the order ex parte; but he requested that all counsel present themselves in court to argue the matter contradictorily, as was the usual procedure under such circumstances.
At 10:00 a. m., Thursday, October 27, 1966, Redmann appeared in court, at which time he challenged the court’s jurisdiction and stated that he would file a formal exception to that effect. Simultaneously, other counsel for the Governor were at the place designated for taking the deposition and explained the reason for the Governor’s absence.
On Friday, October 28, 1966, a formal written plea attacking the court’s jurisdiction was filed on hehalf of the Governor, and the judge ordered the issuance of a rule to show cause why the summons and subpoena duces -tecum should not be set aside. The rule issued and was made returnable November 7, 1966.
On the same day (October 28, 1966) the judge also caused the issuance of a rule (at the instance of Simon) ordering the Governor to show cause why he should not be adjudged in contempt for failing to appear in accordance with the court’s command for taking his deposition. This rule was made returnable at the same time as that to vacate the summons and subpoena duces tecum.
Thereafter, the Governor filed a document in this court setting up the foregoing facts and urging (as he did in the district court) the lack of jurisdiction of the judiciary to exercise control over the' Chief Executive of the State of Louisiana, it being based on the theory of- separation of governmental powers; and he suggested that we either instruct the district judge to vacate all previous orders directed against him or to do so ourselves.
After thorough consideration and discussion of such document we unanimously executed the following order: “Due to the exceptional circumstances as revealed by the document filed herein with this Court by Honorable'John J. McKeithn, Governor of the State of' Louisiana, on November 3, 1966, which raise vital issues concerning the separation of governmental powers;
. “IT IS ORDERED That the Clerk of this Court serve certified copies of, the -said document upon opposing counsel and the Honorable Fred Blanche, Jr., Judge of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, and that the said Judge and opposing counsel make a return to be filed in this Court on or before Monday, November 21, 1966; and, in the meantime all proceedings with regard to the Rule for Contempt in the matter entitled, “GURTHIE A. MAYES VS. JESSIE J. McKEITHN,” No. 108,063 of the Docket of the Nineteenth Judicial District Court, be stayed and suspended until the further orders of this Court.”
*63 Following the execution of that order all proceedings in this collateral matter were suspended in the district court. (However, wc are informed that the trial of the principal tort action has proceeded to completion.) Also, the district judge and opposing counsel filed their returns here in compliance with the above quoted order, and from them (principally that of the judge) we obtained the foregoing related factual ■circumstances.
In his return the trial judge observed that he had expressed no opinion as to the merits of the plea to the jurisdiction or as to whether (assuming that his court had jurisdiction to issue the contempt citation) the Governor had committed any act which would constitute contempt, this for the reason that such questions had not been submitted for his consideration when our stay order was executed.
It was because of the importance of the issue presented by the jurisdictional plea that we stayed the contempt proceedings .and called for returns from the parties ■concerned. But our further consideration ■of the matter, particularly the information contained in the trial judge’s return, leads us to conclude that there exists no good reason for our now proceeding in a manner ■different from that which we would pursue ■ordinarily where exceptions are first raised in the trial court. In such cases it has been our usual practice to permit the court of the first instance to rule on the exceptions before considering them ourselves (this produces a more orderly procedure and prevents piecemeal determination of litigation), unless a matter is presented wherein irreparable injury or harm to one of the litigants would result from our proceeding otherwise. We perceive no such possible result in the instant dispute.
Therefore, for the reasons assigned, we now recall and vacate the stay order previously issued herein by us, thereby leaving the entire contempt proceedings to be determined first by the district judge.